RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0211p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JEREMY R. DURHAM,

*Plaintiff-Appellant*,

*v.*

No. 18-5026

LARRY MARTIN, Commissioner of Finance and Administration of the State of Tennessee, CONNIE RIDLEY, Director of Legislative Administration for the State of Tennessee, and DAVID H. LILLARD, JR., Treasurer of the State of Tennessee, in their official capacities,

*Defendants-Appellees*.

───────────────

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:17-cv-01172—Aleta Arthur Trauger, District Judge.

Argued: August 3, 2018

Decided and Filed: September 20, 2018

Before: ROGERS and BUSH, Circuit Judges; WATSON, District Judge.[*]

───────────────

## COUNSEL

**ARGUED:** William L. Harbison, SHERRARD ROE VOIGT & HARBISON, Nashville, Tennessee, for Appellant. Janet M. Kleinfelter, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellees. **ON BRIEF:** William L. Harbison, Michael G. Abelow, Amy R. Mohan, SHERRARD ROE VOIGT & HARBISON, Nashville, Tennessee, James F. Sanders, NEAL & HARWELL, Nashville, Tennessee, for Appellant. Janet M.

───────────────

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Kleinfelter, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellees.

_____

**OPINION**

_____

JOHN K. BUSH, Circuit Judge.   The Tennessee House of Representatives expelled Plaintiff Jeremy Durham from their ranks during a special session of the Tennessee General Assembly.   He alleges that this action deprived him of due process under the Fourteenth Amendment to the U.S. Constitution.   Durham also alleges that his expulsion resulted in state administrators denying him certain retirement and healthcare benefits.   Durham sued these administrators, Defendants here, for their refusal to pay him.   The district court held that Durham lacked Article III standing because the complaint alleged that the denial of his benefits was caused by the legislature's expelling him, rather than by any act by the administrators.   We disagree.   Durham had standing to sue the administrators because his injury that he seeks to remedy is fairly traceable to the administrators' conduct. Simply put, Durham alleges that he is not receiving benefits that the administrators should pay.   That is sufficient to show standing, so we reverse the district court.

**I.**

In September 2016, the Governor of Tennessee convened a special session of the Tennessee General Assembly.   The purpose of the session concerned federal highway funding.   During the session, a member of the House of Representatives moved to expel Durham.   The House approved the motion seventy votes to two.   It immediately expelled Durham.   Durham may have qualified for lifetime health insurance if he had retired from his service in the House.   But because the House expelled him, the administrators told Durham that his government-health insurance would expire at the end of September.   He also lost certain state-pension benefits.

Durham sued the administrators under 42 U.S.C. § 1983.   He alleges that the Tennessee House of Representatives unconstitutionally expelled him in violation of his Fourteenth Amendment right to procedural due process.   And he alleges that the administrators "enforced

the denial of [his] benefits" based on his unconstitutional expulsion.  He asks us to order the administrators to pay his alleged benefits to him.

Defendants moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing and Rule 12(b)(6) for failing to state a claim.  The district court granted their motion for lack of standing without addressing any other basis for dismissal.

## II.

To have standing to sue, a plaintiff must show injury in fact, causation, and redressability. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).  The district court dismissed this case on the causation prong, which is the parties' only point of contention on this appeal.  To establish causation, a plaintiff must show a "causal connection between the injury and the conduct complained of," or, in other words, that the injury alleged is "fairly . . . trace[able] to the challenged action of the defendant."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation and internal quotation marks omitted).  The plaintiff also must show that the alleged injury is not "th[e] result [of] the independent action of some third party not before the court." *Id*. (citation and internal quotation marks omitted).  The allegations of the complaint satisfy these requirements.

Durham's complaint seeks an order for the administrators to pay his retirement benefits and health insurance coverage.  He challenges the administrators' denying him those benefits. The injury he alleges is the denial of those benefits.  And were the district court to order the administrators to pay him those benefits, as requested by the complaint, that remedy would redress Durham's claimed injury.  He therefore has standing.

Even if it is true that the legislature's expulsion was the ultimate reason why Durham lost his benefits, it was still the administrators who denied those benefits to Durham.  That they denied the benefits because of Durham's expulsion does not change the fact that they were the state actors whose conduct resulted in the injury—denial of benefits—alleged in the complaint. In other words, Durham's alleged injury results from the administrators' actions, not those of a third party who is not before us.

We must accept the facts presented in Durham's complaint as true and construe them in his favor. *See Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). And on those facts, the administrators are both the parties with the power to distribute benefits to Durham and the parties who finally denied those benefits to him.

Durham alleges, based on an email sent to him by one administrator, that the administrators themselves made the final determination that he was not eligible for benefits. This allegation is enough to say that the administrators' actions caused Durham's injury, because it was their decision that he was not eligible to receive benefits that prevented him from receiving those benefits.

Even if the administrators were only implementing the consequences of others' actions—that is, Durham's expulsion by the legislature—Durham still has standing to sue the administrators for their actions in carrying out those consequences. "Plaintiffs suing public officials can satisfy the causation and redressability requirements of standing by demonstrating 'a meaningful nexus' between the defendant and the asserted injury." *Kitchen v. Herbert*, 755 F.3d 1193, 1201 (10th Cir. 2014) (quoting *Bronson v. Swensen*, 500 F.3d 1099, 1111–12 (10th Cir. 2007)). An official's enforcement of another's policy falls into this category.

In *Kitchen*, for example, same-sex couples sued a county clerk to require her to issue them marriage licenses, which the clerk had refused to do because such licenses were then prohibited under Utah law. *See id.* at 1200. The clerk thus was in an analogous position to that of the administrators here: she was only implementing the effects of another's policy. The *Kitchen* court had "no doubt" that the plaintiffs had standing to sue the clerk. *Id.* at 1201. It explained that the "causation element of standing requires the named defendants to possess authority to enforce the complained-of provision," and the clerk was the person who could enforce or not enforce that ban on same-sex unions. *Id. Kitchen* did not suggest that there is any difference, at least for Article III causation purposes, between someone (the legislature) as the original source of the alleged injury, and someone else (the clerk) as the person who effectuates that injury.

Here, the administrators were not responsible for Durham's expulsion from the legislature. But they do possess authority to enforce one set of consequences of that expulsion: whether Durham receives retirement and healthcare benefits. Their deciding not to pay these benefits created the injury that Durham seeks to remedy. Durham's alleged injury also could be remedied by ordering the administrators to pay those benefits to him. So Durham's suit meets all three elements of standing: he had an injury, the administrators caused that injury, and they could redress that injury if ordered to do so.

The administrators argue that Durham has not alleged that their actions are illegal, and so they are not subject to suit. But there is no reason to think that plaintiffs lack standing to sue lawful actors. They may fail to state a claim, which is very possible here, see generally *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 92 (1984), but suing lawful actors need not prevent standing.

Consider the Supreme Court's discussion of causation in *Duke Power Company v. Environmental Study Group*, 438 U.S. 59 (1978). The plaintiffs in that case lived near two nuclear power plants that a utility company was building. *Id.* at 67. The plaintiffs sued that utility company and the Nuclear Regulatory Commission (the "NRC"). *Id.* The Supreme Court found an injury in the environmental consequences that would occur from operating power plants. *Id.* at 73–74. Based on this injury, the Court held that the plaintiffs had standing to sue the NRC *and the utility company*, *id.* at 81, despite no allegations of unlawful acts by the utility company. That is, the utility company's *lawful* act of operating power plants would cause the alleged injury to the plaintiffs. But the Supreme Court did not deem the lawfulness of the utility company's act to be relevant for purposes of its causation analysis. What was relevant was that the injuries were fairly traceable to the defendants. *See id.* at 74.

The Eleventh Circuit also provides guidance on this issue. It recently rejected the argument that a debtor could not sue a court clerk who sought to garnish property that a court had ordered garnished, in a way that the debtor believed violated due process. *See Strickland v. Alexander*, 772 F.3d 876, 886 (11th Cir. 2014). The debtor's only argument was that the original court process was illegal. *Id.* at 881, 886. He did not argue that the clerk's implementation of

that decision was wrongful aside from being based on that allegedly improper proceeding. *Id.* But the *Strickland* court still held that the debtor had standing to sue the clerk:

> Nor, as Alexander suggests, does the fact that "his duties are ministerial in nature" somehow render Strickland's injury not fairly traceable to Alexander. Alexander provides *no authority for the proposition that conduct must be "unlawful" for a resulting constitutional deprivation to be "fairly traceable" to that conduct*, and he similarly identifies no support for the notion that an injury cannot be deemed "fairly traceable" to ministerial conduct. We decline to reach such a conclusion.

*Id.* (emphasis added). Durham's failing to allege that the administrators acted illegally similarly does not defeat standing here.

We therefore hold that Durham has standing to sue the administrators. This holding does not address whether Durham's suit should survive on the merits, which the district court may address on remand. *See Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002) (explaining courts should address standing before reaching the substantive question of a 12(b)(6) motion).

**III.**

For these reasons, we **REVERSE** the district court's dismissal of Durham's case for lack of standing and **REMAND** for proceedings consistent with this opinion.