NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0008n.06

No. 19-5597

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JEREMY R. DURHAM, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 08, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| STUART McWHORTER, as Commissioner of | ) | |
| Finance and Administration of the State of | ) | ON APPEAL FROM THE |
| Tennessee, in his official capacity; CONNIE | ) | UNITED STATES DISTRICT |
| RIDLEY, as Director of Legislative Administration | ) | COURT FOR THE MIDDLE |
| for the State of Tennessee, in her official capacity; | ) | DISTRICT OF TENNESSEE |
| DAVID H. LILLARD, JR., as Treasurer of the State | ) | |
| of Tennessee, in his official capacity, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before: ROGERS, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. The Tennessee General Assembly expelled representative Jeremy Durham in 2016. State officials thereafter terminated Durham's healthcare benefits, so he sued to reinstate them. (Durham originally sued Commissioner of Finance Larry Martin in his official capacity. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Stuart McWhorter for former Commissioner Martin.) Those officials moved to dismiss the suit based on sovereign immunity, but the district court denied the motion. The officials brought this appeal. *See generally Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). We affirm.

In July 2016, the Tennessee Attorney General's Office found that Durham had sexually harassed at least 22 women. The scandal caused Durham to abandon his reelection campaign.

The General Assembly did not plan to meet again that year, so Durham's service was effectively done. Other representatives tried to expel Durham to prevent him from receiving lifetime health benefits, but their initial attempts failed. Then, in September 2016, the governor called for a special session to address an issue related to federal highway funds. During that session, the General Assembly voted overwhelmingly to expel Durham.

State officials initially told the press that Durham would retain his health benefits despite his expulsion. When Durham later asked the officials about his benefits, however, they told him that continued coverage was available only to retirees, not expelled members. *See* Tenn. Code Ann. § 8-27-208. Durham then sued the defendants here, claiming that they had violated his due process rights. The district court initially dismissed Durham's suit for lack of standing, but this court reversed. *See Durham v. Martin*, 905 F.3d 432, 433 (6th Cir. 2018). On remand, the officials again moved to dismiss the case, this time based on sovereign immunity. The district court denied the motion, and this appeal followed. We review de novo the officials' entitlement to sovereign immunity. *Price v. Medicaid Dir.*, 838 F.3d 739, 746 (6th Cir. 2016).

Sovereign immunity prevents a plaintiff from suing state officials in federal court for "retroactive monetary relief." *See* U.S. Const. amend. XI; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 103 (1984). But a plaintiff may seek a prospective injunction against state officials who have "some connection" to an ongoing constitutional violation. *See Ex parte Young*, 209 U.S. 123, 157–59 (1908).

Here, the defendants argue that they had nothing to do with the alleged unconstitutional conduct, which they seem to think is the General Assembly's expulsion of Durham. But the alleged constitutional violation, for purposes of this appeal, was the ongoing denial of Durham's health benefits. And these defendants have "some connection" to that alleged violation, according

to the complaint, because they are the officials who decided that Durham is not entitled to those benefits.  *See Top Flight Entm't Ltd. v. Schuette*, 729 F.3d 623, 634 (6th Cir. 2013).  Durham's suit therefore is not barred by sovereign immunity.

The district court's judgment is affirmed.